UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                              )
CODY-ALLEN ZAB,               )
          Petitioner,         )
                              )
     v.                       )     C.A. No. 18-070 WES
                              )
STATE OF RHODE ISLAND,        )
          Respondent.         )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

    Petitioner Cody-Allen Zab has filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1).  The State of Rhode Island has moved to dismiss the Petition (ECF No. 6) as time-barred.  The Court has determined that no hearing is necessary.  For the reasons that follow, the Motion To Dismiss is GRANTED and the Petition is DISMISSED.

I.   Background and Travel

    On April 9, 2008, Zab pleaded guilty to one count of first degree murder, one count of first degree arson, and one count of fourth degree arson.  He was sentenced that day to life in prison, with parole, for the murder charge and a concurrent term of three years probation for the fourth degree arson count.  The first degree arson charge was merged with the murder charge for sentencing purposes.  Zab did not appeal.

On August 29, 2013, Zab filed a petition for postconviction relief, alleging that he had received ineffective assistance of counsel, in the trial court.  The petition was denied, after a hearing, on October 28, 2015.  Zab filed a petition for writ of certiorari in the Rhode Island Supreme Court, which denied the petition on November 25, 2016.

On February 7, 2018,[1] Zab filed the instant Petition (ECF No. 1) pursuant to 28 U.S.C. § 2254 in this Court.  The State on March 12, 2018, filed a Motion To Dismiss (ECF No. 6) the Petition.  Zab filed a Response in Opposition (ECF No. 10) ("Opposition") on March 20, 2018.  On April 2, 2018, the State filed a Reply Memorandum to Zab's Opposition (ECF No. 12) ("Reply"), to which Zab filed a second response (ECF No. 16) ("Sur-reply") on April 6, 2018.

Throughout this period, Zab filed several additional motions: a Motion To Appoint Counsel (ECF No. 2), which was denied by Memorandum and Order (ECF No. 5) issued on March 9, 2018; a second Motion To Appoint Counsel (ECF No. 9); a Motion To Furnish (ECF No. 11) all documents relevant to the state postconviction

---

[1]  The Petition is dated February 7, 2018, and was placed in the prison mailing system on the same day.  Therefore, the Petition is deemed filed on that date.  See Houston v. Lack, 487 U.S. 266, 270 (1988) (concluding that pleadings are deemed filed on date prisoner relinquishes control over documents).

proceedings; and a Motion To Proceed (ECF No. 13).  The last three

motions remain pending.

II.  Discussion

Section 2254 provides that a district court "shall entertain

an application for a writ of habeas corpus on behalf of a person

in custody pursuant to the judgment of a State court only on the

ground that he is in custody in violation of the Constitution or

laws or treaties of the United States."  28 U.S.C. § 2254(a); see

also Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting

habeas review, a federal court is limited to deciding whether a

conviction violated the Constitution, laws, or treaties of the

United States.").

Pursuant to the Antiterrorism and Effective Death Penalty Act

("AEDPA"), however, a one-year statute of limitations applies to

habeas petitions by persons convicted in state court.  See 28

U.S.C. § 2244(d)(1).  Section 2241(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of--
>      (A) the date on which the judgment became final by
>      the conclusion of direct review or the expiration
>      of the time for seeking such review;
>      (B) the date on which the impediment to filing an
>      application created by State action in violation of
>      the Constitution or laws of the United States is
>      removed, if the applicant was prevented from filing
>      by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id. § 2244(d)(2).

Zab's conviction became final on April 9, 2008, the day he pleaded guilty and was sentenced. As noted above, he did not appeal, under the terms of the plea agreement. (Mot. To Dismiss, Ex. 2 at 3.) Therefore, the statute of limitations began to run on April 10, 2008, and expired on April 9, 2009. See 28 U.S.C. § 2244(d)(1)(A); Lattimore v. Dubois, 311 F.3d 46, 54 (1st Cir. 2002) ("When a limitations period is measured in years, the last day for instituting the action is traditionally the anniversary date of the start of the limitations period.").

Zab applied for postconviction relief in the trial court on August 29, 2013. On October 28, 2015, the court denied Zab's state petition. Zab's petition for writ of certiorari to the Rhode Island Supreme Court, seeking to appeal the denial of

4

postconviction relief, was denied on November 25, 2016.  Although

this time generally would have tolled the AEDPA limitations period,

see 28 U.S.C. § 2244(d)(2), the statute of limitations had already

expired before Zab initiated state postconviction proceedings.

Zab argues that, based on his understanding of a Rhode Island

statute, which provides that life prisoners are deemed civilly

dead, see R.I. Gen. Laws § 13-6-1,[2] he was not aware that he could

file for habeas corpus, either at the state or federal level.

(Pet. 13; Opp'n 1.)  According to Zab:  "D[ue] to R.I.G.L. § 13-6-1

Plaintiff was under the conclusion Plaintiff could not file any

post-conviction d[ue] to the plain language of said statu[t]e —

post-conviction are civil in nature and Plaintiff was 'civilly'

dead to any civil matter including postconvictions[.]   Said

statu[t]e is leaving Petitioner subject to said time-bar."  (Opp'n

---

[2]  Section 13-6-1 states:

Every person imprisoned in the adult correctional
institutions for life shall, with respect to all rights
of property, to the bond of matrimony and to all civil
rights and relations of any nature whatsoever, be deemed
to be dead in all respects, as if his or her natural
death had taken place at the time of conviction.
However, the bond of matrimony shall not be dissolved,
nor shall the rights to property or other rights of the
husband or wife of the imprisoned person be terminated
or impaired, except on the entry of a lawfully obtained
decree for divorce.

R.I. Gen. Laws § 13-6-1.

1-2; see also Pet. 13.)[3]   The State argues that "the 'plain language' of R.I. Gen. Laws § 13-6-1 cannot reasonably be interpreted as precluding inmates serving life sentences at the Adult Correctional Institutions . . . from seeking post-conviction relief because they are '"civilly" dead.'"  (Reply 1.)  The State further contends that, even assuming Zab believed that § 13-6-1 precluded him from seeking postconviction relief "at one point in time," (id. at 2), "he did just that when he filed a state post-conviction relief application on August 29, 2013," (id.).

Although Zab states that he "takes issue with the State['']s calculation regarding the timelines," (Sur-reply 1), his arguments mainly focus on the merits of his claims, (Opp'n 1-2; Sur-reply 1).  Zab contends that § 13-6-1 leaves the postconviction decision "unreasonable when Petitioner['']s right[s] are being violated." (Opp'n 2.)  The Court interprets the latter statement as an argument that the statute of limitations should be equitably tolled.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (noting that "handwritten pro se document is to be liberally construed").

---

[3]  Zab also states that "all issues raised in petition are and have been fully exhausted . . . in State court." (Response in Opposition 1 (ECF No. 10).)  The issue of whether Zab has exhausted his state remedies, however, is separate from the threshold question of whether the Petition is timely.

The Supreme Court has held that "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010); see also Neverson v. Farquharson, 366 F.3d 32, 41 (1st Cir. 2004) (holding that, because § 2241(d)(1)'s limitations period is not jurisdictional, it may be tolled in appropriate circumstances). However, equitable tolling "is the exception rather than the rule," Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001), and is justified "only in extraordinary circumstances," (id.); see also id. at 15 (noting that "equitable tolling is strong medicine, not profligately to be dispensed").

In order to be entitled to equitable tolling, a petitioner must demonstrate that: (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks and citation omitted); see also Holmes v. Spencer, 822 F.3d 609, 611 (1st Cir. 2016) (same); Lattimore, 311 F.3d 46 at 55 (noting that equitable tolling "is reserved for cases in which circumstances beyond the litigant's control have prevented him from promptly filing"). A petitioner bears the burden of establishing a basis for equitable tolling. Neverson, 366 F.3d at 41-42; Lattimore, 311 F.3d at 55.

Zab has not established that he has been pursuing his postconviction rights diligently. As shown above, he waited over

7

five years before filing his state postconviction relief application and almost ten years before filing his federal Petition.  He does not point to any extraordinary circumstance beyond his control that prevented him from timely filing his Petition.  See Delaney, 264 F.3d at 15.  He does not claim that the State "actively misled" him.  See id.  Rather, according to Zab, his misunderstanding of § 13-6-1 caused him to delay filing. (Opp'n 1-2.)  Zab has not demonstrated the requisite extraordinary circumstances to justify equitable tolling of AEDPA's one-year statute of limitations.

Moreover, the First Circuit has squarely rejected the argument Zab makes here.  See Lattimore, 311 F. 3d at 55 (citing Delaney, 264 F.3d at 15) ("Ignorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing."); see also Neverson, 366 F.3d at 44 (citing Lattimore, 311 F.3d at 55) (noting that "pro se habeas petitioner's ignorance of AEDPA's requirements does not excuse an untimely filing"); Delaney, 264 F.3d at 15 (rejecting petitioner's argument that "because he was a pro se prisoner, ignorant of the applicable law, the lower court should have tolled the limitation period" and stating that "[i]n the context of habeas claims, courts have been loath to excuse late filings simply because a pro se prisoner misreads the law") (citing cases).  Therefore, Zab's contention

8

that his misreading of § 13-6-1 should excuse his untimely filing fails.[4]

III. Conclusion

Based on the foregoing, the Motion To Dismiss (ECF No. 6) is GRANTED and the Petition (ECF No. 1) is DISMISSED. Zab's second Motion To Appoint Counsel (ECF No. 9), Motion To Furnish (ECF No. 11), and Motion To Proceed (ECF No. 13) are DENIED as moot.

<u>RULING ON CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA) because Zab has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

---

[4] Zab's other arguments have either been rejected by the First Circuit or otherwise lack merit.

Zab is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2254 Proceedings.

IT IS SO ORDERED.

_WESmith_
William E. Smith
Chief Judge
Date:  May 1, 2018